John Mansfield #214848
john@mansfieldlaw.net
**MansfieldLaw**
1001 Bayhill Drive, 2nd Floor
San Bruno, CA 94066
971.271.8615

Matthew M. Wawrzyn (pro hac vice pending)
matt@wawrzynlaw.com
Stephen C. Jarvis (pro hac vice pending)
stephen@wawrzynlaw.com
**WAWRZYN LLC**
233 S. Wacker Dr., 84th Floor
Chicago, IL 60606
312.283.8330

*Attorneys for Plaintiff William Grecia*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| William Grecia,<br><br>             Plaintiff,<br><br>       v.<br><br>VUDU, Inc. and Digital Entertainment Content Ecosystem (DECE) LLC,<br><br>             Defendants. | CASE NO.<br><br>**Complaint For Patent Infringement**<br><br>**Jury Trial demanded** |

Complaint                                1

## PARTIES

1. Plaintiff William Grecia lives in Downingtown, Pennsylvania.

2. Defendant VUDU is a corporation organized under the laws of Delaware, with its principal place of business located in Santa Clara, California.

3. Defendant DECE is a company organized under the laws of Delaware, with its principal place of business located in Pleasanton, California.

## Jurisdiction and Venue

4. This action arises under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq*.

5. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court may exercise personal jurisdiction over VUDU and DECE, both of whom reside and conduct continuous and systematic business in California and this District. This patent-infringement claim arises directly from VUDU's and DECE's continuous and systematic activity in this District. In short, this Court's exercise of jurisdiction over VUDU and DECE would be consistent with the California long-arm statute and traditional notions of fair play and substantial justice.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and 1400(b).

## Background

8. William Grecia owns United States Patent 8,533,860 (the "'860 patent") and at least one continuing application claiming back to the original priority date of March 21, 2010. William Grecia invented the methods and products claimed in the '860 patent.

9. The field of the invention of the '860 patent is digital rights management, commonly referred to as "DRM." The movement of books, movies, and music to digital form has presented a challenge to the copyright owners of the content. The owners wish to sell the content in a digital form and transfer all attributes of ownership to the buyer, and yet the

owners of the content must protect value by preventing "pirating" of the content through illicit copying.

10.  DRM schemes to date had locked the purchased content, a movie for example, to specific devices and in some cases limited playback rights to a single device. These prior art DRM methods required the content providers (a movie studio in the example) to maintain computer servers to receive and send session authorization keys to clients, and the prior DRM methods required that the client reconnect with the servers to obtain reauthorization. These DRM schemes may be characterized by limiting acquired content to a specific device that the client continually had to reauthorize to enjoy the acquired content.

11.  The '860 invention provides a solution. With this invention, a consumer of digital content may enjoy the content on a multiple number of the consumer's devices and share the content with the consumer's friends and family, all while protecting against unlicensed use of the digital content.

### Count 1: Claim of Direct Patent Infringement by VUDU and DECE

12.  William Grecia is the exclusive owner of the '860 patent, which is attached as Exhibit 1.

13.  The '860 patent is valid and enforceable.

14.  VUDU and DECE, pursuant to a contractual or agency relationship, have and are directly infringing claims of the '860 patent. VUDU and DECE make, use, sell, and offer for sale methods, equipment, and services that practice claims 1, 2, 3, 4, 5, 9, and 10 of the '860 patent.

15.  For example, and without limiting the claims of the '860 patent that will be asserted or the VUDU and DECE services that will be accused of infringing the '860 patent claims, VUDU and DECE's cloud computing service directly infringes claim 1 of the '860 patent.

16. Claim 1 is "[a] method for authorizing access to digital content using a cloud system . . . ." VUDU and DECE practice a method of authorizing access to digital content—such as movies—using a cloud computing system.

17. The method of claim 1 is one "facilitating access rights between a plurality of data processing devices . . . ." VUDU and DECE facilitate access rights to movies between a plurality of devices.

18. According to the method of claim 1, a read or write request of metadata of the digital content is received. This request comprises a verification token of a user, such as, for example, the user's email address or password. VUDU receives a content access request from the user's device when the user requests access to her digital content by requesting that VUDU write her email address and password to metadata of the digital content.

19. In claim 1, after the verification token has been authenticated, a connection is established between a communications console and a server. The connection is established through a web service capable of facilitating a two-way exchange between the console and the server. After the VUDU user's verification token has been authenticated, VUDU establishes a connection between the user's device and DECE's UltraViolet web services by presenting the UltraViolet login screen using UltraViolet's coordinator Application Programmable Interface ("API").

20. Next, claim 1 involves the step of requesting an identification reference, such as a verified web service account identifier. VUDU and DECE request an identification reference—the user's Ultraviolet username and password—from the communications console.

21. Next, according to claim 1, the identification reference is received from the communications console. The VUDU and DECE service receives an identification reference.

22. Finally, claim 1 involves writing either the verification token or the identification reference into the metadata. VUDU and DECE write, among other things, the

Complaint 4

user's VUDU verification token or the DECE identification reference into the metadata associated with the digital content, authorizing the user access to her digital content.

23. VUDU and DECE have knowledge of the '860 patent. Among other things, DECE or individuals acting on DECE's behalf disclosed the '860 patent to the United States Patent and Trademark Office as relevant prior art in case 13/436,567.

### Count 2: Claim of Indirect Patent Infringement by DECE

24. DECE has knowledge of the '860 patent and nonetheless actively induces at least the following entities to directly infringe the '860 patent: VUDU, Target Corporation, Sony Pictures Entertainment Inc., Flixster, Inc., MediaNaviCo LLC, Barnesandnoble.com llc, Paramount Pictures Corporation, Paramount Home Entertainment, Inc., D.W. Studios L.L.C., Paramount Vantage, NBCUNIVERSAL, INC., Best Buy Co., Inc., and BestBuy.com, LLC (collectively, the "Retailers," individually, the "Retailer").

25. DECE has a contractual or agency relationship with each Retailer. According to this relationship, DECE and the Retailer infringe claims of the '860 patent by together performing all steps in the infringed claims. DECE and the Retailer make, use, sell, and offer for sale methods, equipment, and services that practice claims 1, 2, 3, 4, 5, 9, and 10 of the '860 patent. DECE induces each of these infringements.

26. For example, and without limiting the claims of the '860 patent that will be asserted, DECE knowingly induces Target to directly infringe claim 1 of the '860 patent.

27. Claim 1 is "[a] method for authorizing access to digital content using a cloud system . . . ." Target and DECE practice a method of authorizing access to digital content—such as movies—using a cloud computing system.

28. The method of claim 1 is one "facilitating access rights between a plurality of devices . . . ." Target and DECE facilitate access rights to movies among a plurality of devices.

29. According to the method of claim 1, a read or write request of metadata of the digital content is received. This request comprises a verification token of a user, such as, for

example, the user's email address and password. Target receives a content access request from the user's device when the user requests access to her digital content by requesting that Target write her email address or password to metadata of the digital content.

30. In claim 1, after the verification token has been authenticated, a connection is established between a communications console and a server. The connection is established through a web service capable of facilitating a two-way exchange between the console and the server. After the Target user's verification token has been authenticated, Target establishes a connection between the user's device and DECE's UltraViolet web services by presenting the UltraViolet login screen using UltraViolet's coordinator API.

31. Next, claim 1 involves the step of requesting an identification reference, such as a verified web service account identifier. Target and DECE request an identification reference—the user's Ultraviolet username and password—from the communications console.

32. Next, according to claim 1, the identification reference is received from the communications console. The Target and DECE service receives an identification reference.

33. Finally, claim 1 involves writing either the verification token or the identification reference into the metadata. Target and DECE write, among other things, the user's Target verification token or the DECE identification reference into the metadata associated with the digital content, authorizing the user access to her digital content.

34. Again, without limiting the claims that will be asserted in this action, DECE induces each of the Retailers defined above to directly infringe the '860 patent claims according to the contractual or agency relationship between DECE and the Retailer.

### Prayer for Relief

WHEREFORE, William Grecia prays for the following relief against VUDU and DECE:

(a) Judgment that VUDU and DECE have directly infringed claims of the '860 patent claims;

Complaint 6

(b) Judgment that DECE has induced the Retailers to directly infringe the '860 patent claims;

(c) For a fair and reasonable royalty;

(d) For treble damages based on a finding that the infringement of the '860 patent claims was willful;

(e) For pre-judgment interest and post-judgment interest at the maximum rate allowed by law;

(f) For such other and further relief as the Court may deem just and proper.

### Demand for Jury Trial

William Grecia demands a trial by jury on all matters and issues triable by jury.

Date: March 14, 2014

/s/ John Mansfield
John Mansfield #214848
john@mansfieldlaw.net
**MansfieldLaw**
1001 Bayhill Drive, 2nd Floor
San Bruno, CA 94066
971.271.8615

Matthew M. Wawrzyn (pro hac vice pending)
matt@wawrzynlaw.com
Stephen C. Jarvis (pro hac vice pending)
stephen@wawrzynlaw.com
Wawrzyn LLC
233 S. Wacker Dr., 84th Floor
Chicago, IL 60606
312.283.8330

*Attorneys for Plaintiff William Grecia*

Complaint

7

MANSFIELDLAW
1001 Bayhill Drive, 2nd Floor
San Bruno, CA 94066