Pages 1 - 19

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE JAMES DONATO

| | |
|---|---|
| WILLIAM GRECIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. C 14-1220 JD |
| ) | |
| VUDU, INC. AND DIGITAL ) | |
| ENTERTAINMENT CONTENT ECOSYSTEM ) | |
| (DECE) LLC, ) | |
| ) | San Francisco, California |
| Defendants. ) | Monday |
| _____) | August 11, 2014 |

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

**For Plaintiff**:          Wawrzyn LLC
                            233 South Wacker Drive
                            Willis Tower, 84th Floor
                            Chicago, Illinois 60606
                       By:  **Matthew Michael Wawrzyn, Esquire**
                            **Stephen Charles Jarvis, Esquire**


**For Defendant**          Arnold & Porter LLP
**DECE LLC:**              555 Twelfth Street, NW
                            Washington, DC 20004
                       By:  **Matthew M. Wolf, Esquire**


**For Defendant**          White & Case LLP
**VUDU, Inc.:**            3000 El Camino Real
                            5 Palo Alto Square
                            Palo Alto, California 94306
                       By:  **Bijal Vijay Vakil, Esquire**
                            **Allen Wang, Esquire**


**Reported By:**     *Katherine Powell Sullivan, CSR #5812*
                     *Official Reporter - U.S. District Court*

*Katherine Powell Sullivan, CSR, RPR, CRR*
*Official Reporter - U.S. District Court*
*(415) 794-6659*

**P R O C E E D I N G S**

**AUGUST 11, 2014**                                      **2:59 P.M.**

THE CLERK:  Calling civil 14-1220, Grecia versus VUDU Inc.

Counsel, please come forward and state your appearances for the Court.

MR. WAWRZYN:  Good afternoon, Your Honor.  Matt Wawrzyn for plaintiff.

MR. JARVIS:  Good afternoon, Your Honor.  Stephen Jarvis for plaintiff.

MR. VAKIL:  Good afternoon, Your Honor.  Bijal Vakil and Allen Wang of White & Case for defendant VUDU.

MR. WOLF:  Good afternoon, Your Honor.  Matt Wolf of Arnold & Porter for DECE Inc.

THE COURT:  Okay.  Today I have only DECE's motion; right?

MR. WOLF:  Yes, Your Honor.  Although, I don't know what plaintiff's position is regarding the motion filed by VUDU.  I'll let them speak to that.

THE COURT:  Well, the only motion pending is DECE's motion to dismiss.

MR. WOLF:  Our motion is pending.  Whether there was --

THE COURT:  The only motion set for hearing today is your motion to dismiss.  I know VUDU has a motion.  But you're

here for case management.

You guys can relax.

You can stay there.

**MR. WOLF:**  Thank you, Your Honor.

**THE COURT:**  Who is going to speak for plaintiffs?

**MR. WAWRZYN:**  Mr. Jarvis.

**THE COURT:**  Okay.  Mr. Jarvis, here is what I'm struggling with:  Rule 8.

I read your complaint.  And it's not the fullest statement of facts, but what I took away from it was you were alleging separate direct infringement by VUDU and DECE, which under *Eon* probably would have been enough, barely, maybe, to get by.

But then in your opposition brief you said no, you're alleging only a joint infringement theory against VUDU and DECE, which puts you in the *Muniauction* ballpark where you lose.

So before I even get to any of that, though, the problem I'm having is your complaint is not meeting Rule 8, in my view. So tell me what you think about that.

**MR. JARVIS:**  Well, Your Honor, plaintiff -- we pled the complaint as broadly as possible, primarily because after our pre-complaint investigation, as we explained in our opposition, it would seem clear that VUDU is, in fact, the mastermind.  However, we don't know if discovery would show that DECE is, in fact, the mastermind, or if perhaps VUDU and

DECE, acting jointly through a partnership or joint venture, should jointly and severally be held liable for infringement.

THE COURT:  But where in the complaint is it clear that this is a joint infringement claim only?

MR. JARVIS:  Well, Your Honor, I guess --

THE COURT:  I was surprised to see it in your opposition because I don't see it in the complaint.  So tell me what I missed.

MR. JARVIS:  Well, Your Honor, if you read through the steps beginning at -- the paragraphs beginning at claim 12, and specifically claim 18 and 19, it steps through how the individual steps of claim 1 are performed -- some are performed by VUDU and some are performed by DECE.

THE COURT:  Why don't you just say "joint infringers?"

What's wrong with being plain and simple, as Rule 8 requires?

This is the problem I have:  I don't need to sit through and defendants shouldn't be required to sit through this trying to divine your intent.  You need to say it on the face of the complaint.  That's what the plain and simple requirement of Rule 8 is.

And I'm not finding it plain and simple because when I read it I did not see an allegation of joint infringement, which is now your live-or-die position in the opposition to the motion to dismiss; which may have been an ill-considered

live-or-die position because you're going to die under *Muniauction*.

I don't see how you get around that because there is nothing in here even remotely suggesting a mastermind position by VUDU.  And, certainly, there are no nonconclusory facts coming close to showing that VUDU was pulling all the strings.

So I think you've got a Rule 8 problem.  And I think it's a fatal problem.  You're going to have a chance to amend.  It's a fatal problem for your first claim.

Let me ask you this:  Having -- let me turn to Mr. Wolf.

**MR. WOLF:**  Yes, Your Honor.

**THE COURT:**  Do you have anything to add to that?

**MR. WOLF:**  No, Your Honor.

**THE COURT:**  All right.  So the second thing is if you're not clear on the direct infringement, how does claim 2 stay alive, the inducing infringement claim?

**MR. JARVIS:**  Well, Your Honor, it wouldn't.  If we have to replead count one, we would have to replead count two as well.

**THE COURT:**  All right.  I'm inclined to do that.  I'll give you a chance to tell me why I shouldn't, but that's my inclination.

**MR. JARVIS:**  Well, Your Honor, what I would say is, as I mentioned before, plaintiff pled as broadly as possible because we're at a disadvantage.  We just don't know at this

point, because we haven't had any discovery, who, in fact, is the mastermind.

As we explained in our opposition, we can plead in good faith that, you know, on information and belief VUDU would appear to be the mastermind.  However, at this point, we don't know who the mastermind is.  But defendant -- defendant knows.

And, I mean, I guess based on that, just as a practical matter, that's one of the reasons we would ask the Court to deny the motion; have defendant answer.

If defendant comes forward, answers the complaint, explains there is no contractual relationship, et cetera, et cetera, we wouldn't -- obviously, we wouldn't then move forward and plead against DECE as the mastermind.

**THE COURT:**  You know you can't do that.  You can't buy now and shop later.  You've got to have the facts to get through the door before you're allowed to start going through people's documents.  So you have to come up with something that's nonconclusory about the mastermind.

Now, the other thing I'm concerned about -- and you're going to have a chance to amend, but I want you to think about this -- your opponent says DECE is a standard-setting body only.

Right, Mr. Wolf?

**MR. WOLF:**  Yes, Your Honor.

**THE COURT:**  Give me a little more color about what

DECE does.

MR. WOLF:  DECE is an umbrella organization for a number of hardware/software content providers.  All we do is maintain a database.  Arguably --

THE COURT:  Maintain a database of?

MR. WOLF:  Of corresponding -- so you buy a movie, you look at a number.  That number corresponds to a movie.  And, therefore, if you want to download it on both your iPhone and your Amazon product, they can call up and say -- the computer will say, Do they have rights to this movie?  And our database says, Yes; here's the --

THE COURT:  All right.  So DECE actually is performing a service?  It is actually validating a user's ability to access content?

MR. WOLF:  There is, according to the complaint --

THE COURT:  I'm asking according to you as the lawyer for DECE.  What do they do?

MR. WOLF:  I'm just saying in terms of the limitations.  One of the steps of the lim- -- of the claims, they allege we actually perform one of the five steps, I believe.  And we -- we don't -- we obviously don't believe it infringes the claim.  But, as a factual matter, we do perform that comparison we talked about.

THE COURT:  All right.  So you have something to work with.  I thought DECE was truly just a standard-setting body,

but now they're performing a service.

You have to give me more, Mr. Jarvis, than you think. That doesn't cross *Iqbal* and *Twombly*. And it's not enough for Rule 8 purposes either.

So you need to figure that out. And you need to have adequate allegations of the mastermind. If you're going to stick with joint infringement, you've got to have adequate *Muniauction* allegations to survive dismissal again, which would be with prejudice. All right?

MR. JARVIS: Yes, Your Honor.

THE COURT: As you conceded or as you acknowledge, your second claim for inducement depends on your ability to state the first claim. So it's all going to funnel down to how you're going to be able to sustain the burden on direct infringement.

MR. JARVIS: Yes. We can do that.

THE COURT: Any other -- go ahead.

MR. JARVIS: One more thing.

As I stated before, we had pled as broadly as possible to cover whatever discovery shows us who, in fact, is the mastermind.

So plaintiffs would like to reserve the right to conform the pleadings down the road if it shows, in fact, that DECE is the mastermind or, alternatively, if the defendants are acting through --

**THE COURT:** Well, you have Rule 11 obligations. You can't just throw something out there and then decide later --

**MR. JARVIS:** Yes, Your Honor.

**THE COURT:** -- you missed the boat. You have to do it within the bounds of good faith, facts, and law.

**MR. JARVIS:** Yes.

**THE COURT:** So I'm not going to give you any blank assurances of anything. You're the master of your complaint. You have to make it work.

Right now we're looking at 12(b)(6) and Rule 8. So within the bounds of your duties as a Rule 11 officer of the court you can say whatever you want. You're allowed to amend it in any way you want. I'm not setting any restrictions on your amendment, other than the fact that you're going to have to live or die in terms of proof of what you allege. Okay?

**MR. JARVIS:** Okay.

**THE COURT:** All right. Let's turn to the case management side and invite our VUDU friends up.

**MR. WAWRZYN:** Matt Wawrzyn for plaintiff.

**THE COURT:** Wawrzyn.

So, Mr. Wawrzyn, I was surprised and a little dismayed to see you have a slew of what you call related cases here in this District and Western District of Washington.

I have not seen any of the required notices. And I got way into this motion without getting any indication from the

court files that you have filed notices of related case, which you're required to do under the local rules.

Because I, as the last person to join this party, should not be making rulings other courts may have the prerogative to make.

What's going on?

**MR. WAWRZYN:** I apologize for the oversight, Your Honor.

**THE COURT:** You've got a case in Seattle. How many cases do you have in Seattle?

**MR. WAWRZYN:** One case. We settled with Microsoft.

**THE COURT:** You have a pending case in Seattle?

**MR. WAWRZYN:** Correct.

**THE COURT:** Still active?

**MR. WAWRZYN:** Yes.

**THE COURT:** And it's the same patent?

**MR. WAWRZYN:** The same patent.

**THE COURT:** And you're going to ask that judge in Seattle to construe the same claims that you're going to ask me to construe?

**MR. WAWRZYN:** Under the America Invents Act, Your Honor, this is -- this is the only way we can prosecute our claim. We attempted --

**THE COURT:** Did you ask to transfer it?

**MR. WAWRZYN:** We attempted to consolidate proceedings

in the Northern District of Illinois.  We met resistance from the defense group.

That case -- the cases against Apple, Microsoft, Sony, and Google were transferred -- I'm sorry, Your Honor.  All cases but the Microsoft case were transferred to this court.

THE COURT:  To Judge Chen?

MR. WAWRZYN:  To Judge Chen.

THE COURT:  So why do I have this one?  Why didn't you relate this to Judge Chen's pending case on exactly the same patent?  I'm mystified about why you would do that.

You know the local rules require you to file notice so that I don't spend my time on this case when another judge down the hall is doing the same thing.

So what's the story?

MR. WAWRZYN:  We -- we've met resistance from the defense --

THE COURT:  That doesn't matter, whether you've met resistance.  The local rules do not depend on whether your opponents say it's a good idea or not.

You had a duty under the local rule to tell the judges: Hey, Judges, we've got several cases on exactly the same patent.  What would you like to do?

Do you understand that?

MR. WAWRZYN:  Now I understand it, Your Honor.  All I can do is apologize that we didn't meet our obligation under

the local rules.

THE COURT:  Well, does Judge Chen know that you are here today?  Probably not, I'm guessing.

MR. WAWRZYN:  Probably not, Your Honor.

THE COURT:  All right.  You file tomorrow the required notices under local Rule 3-12 and 3-13.  And you read those rules.  Make sure you understand them and follow them to the letter.

MR. WAWRZYN:  We will.

THE COURT:  This is creating a mess.

Okay.  I have no idea -- I'm going to go forward and rule on this motion.  And I'm extremely concerned, as we get up to anything past this particular issue, how I and Judge Chen and a third judge in Seattle, and maybe some judge somewhere else I don't know about, are going to tackle the same patents.  You can't do that.

How is that supposed to work?  What if the judge in Seattle says claim 2 means X, and I say it means Y, and Judge Chen says it means E, what are we supposed to do at that point?

MR. WAWRZYN:  Your Honor, this is a question that we wrestled with under the current law, and -- and how to bring this efficiently.

And while I do apologize for not following the local rules, and I'm not -- I'm not, you know, retracting that or

trying to explain myself.  But I'm telling you that we did confront this question and we met resistance from the defense group because the current law, it -- it leads to this.  And it leads to multiple Courts construing the same claims.

THE COURT:  Well, no.  You can bring a stay motion. You can bring a transfer motion.

The one thing we're not going to do is have more than one Judge construing your patent.  That's just not going to happen. Whether I put this thing on ice for five years, or whether Judge Chen does, that's a decision that needs to be made.  But we're not going to do that.  And the current law does not require that, I can assure you.

Why is this happening?

MR. WOLF:  This wasn't raised with us.  When he said "the defense group" he meant the other defendants.  This topic has never been brought to either of our attention.

THE COURT:  Now you've heard about it.  What are your thoughts?

MR. VAKIL:  Your Honor, we believe that -- we maintain that, as we pointed out in our opposition papers, that they won't be able to maintain the case.

THE COURT:  Let's assume it goes forward.  What are you going to do about this?

MR. VAKIL:  Assuming that the case goes forward, we would believe it's in the best interest of judicial economy to

be aligned with Judge Chen; however, perhaps on a different schedule.

THE COURT:  Do either of you have cases before Judge Chen?

MR. WOLF:  No, Your Honor.

THE COURT:  I mean in the long-term.

MR. WOLF:  No, we are not representing the other defendant against this plaintiff.

THE COURT:  Do you understand it's exactly the same patent with the same claim construction issues?

MR. WOLF:  Absolutely.  We haven't been part of any of these previous discussions Counsel is referencing.

THE COURT:  Well, you file, plaintiffs, notices tomorrow.

MR. WAWRZYN:  We will.

THE COURT:  And I'm going to hold off on setting case management dates until we have a handle on what's going to go on.

Now, you have the other issue dealing with Western District of Washington.  Who is your judge there?

MR. WAWRZYN:  Judge Jones.

THE COURT:  Does Judge Jones know you have two batches of cases in San Francisco on exactly the same patent?

MR. WAWRZYN:  He does.

THE COURT:  What did he say about it?

MR. WAWRZYN:  He didn't say anything, Your Honor.

THE COURT:  He didn't ask you to do anything about it?

MR. WAWRZYN:  No.  He set a case management schedule.

THE COURT:  Is his case chronologically before Judge Chen's cases?  Did you start in Seattle and then radiate down here?

MR. WAWRZYN:  No.  The Microsoft case was transferred to Seattle, with plaintiff's consent.

THE COURT:  From Illinois?

MR. WAWRZYN:  From Illinois.

THE COURT:  That was the first case.

MR. WAWRZYN:  And Judge Jones presided over the Microsoft case.

We filed the Amazon case in, I believe, mid-March of this year.

THE COURT:  And that was related to him?

MR. WAWRZYN:  And it was related to Judge Jones.  And that is the sole pending case in Seattle, the case against Amazon.

THE COURT:  Where are you now with Judge Chen?  What's happening in those cases?  It's more than one, right?

MR. WAWRZYN:  Yes.  So we brought a case against Apple and Disney.  We've settled with Disney.

The Sony case and the Google case were related to Judge Chen.  We've settled with Google.

Katherine Powell Sullivan, CSR, RPR, CRR
Official Reporter - U.S. District Court
(415) 794-6659

Judge Chen ordered the parties to make infringement contentions, invalidity contentions, and then come back to see if the parties wouldn't agree to mediate the dispute.

We're due before Judge Chen August 28th, later this month -- Sony, Apple, and the plaintiff -- to discuss whether it makes sense mediating the case before heading further down the road for claim construction.

THE COURT:  Is there any reason why this case could not be related to Judge Chen?

MR. WAWRZYN:  It is -- it is certainly related.

THE COURT:  Do you know why it shouldn't be sent to him?

MR. WAWRZYN:  I see none, Your Honor.  We certainly have no objection to it.

I mean, our calculation was quite simply -- again, I'm not trying to get out of our screwup on the local rules.  But our calculation was that having met such resistance from the defense group, it was just not worthwhile.

And, you know, from the defense side -- and I'm not attributing it to these defendants because they weren't party to this, but the idea is that we have a different accused service, which raises, perhaps, different invalidity concerns.

THE COURT:  For each defendant?

MR. WAWRZYN:  For each defendant.

THE COURT:  Including VUDU and everybody?  Amazon,

VUDU, Sony, Disney, all are different?

**MR. WAWRZYN:**  Well --

**THE COURT:**  The same patent, though, right?

**MR. WAWRZYN:**  Same patent but different accused instrumentality.  And so different unique concerns.

**THE COURT:**  But to address the infringement claims, the same set of claim construction principles -- the same set of claims won't have to be construed by each Court.  Each Court will have to rule on each claim, the same set of claims.

**MR. WAWRZYN:**  I totally agree with Your Honor.

**THE COURT:**  All right.

**MR. WAWRZYN:**  All I'm doing is trying to --

**THE COURT:**  I understand.

**MR. WAWRZYN:**  Yeah.

**THE COURT:**  All right.  So you file those.

I think the odds are very high I'm going to send you to Judge Chen.

But I already put the time in on this motion so I am going to get you that ruling.  All right?

**MR. WAWRZYN:**  Yes.

**THE COURT:**  You should probably count on it, unless Judge Chen tells me he doesn't want it, in which case you'll stay here.  It will be up to him with the lowest-filed case number.  But the odds are pretty good he is going to end up having it.  And I'm going to make the motion ruling on the way.

Okay?

**MR. WAWRZYN:**  Okay.

**THE COURT:**  And you file that thing.  Remember next time you have to do this early.  All right?

**MR. WAWRZYN:**  I will not forget.

**THE COURT:**  Are you a member of our District?

**MR. WAWRZYN:**  Pro hoc'd in, Your Honor.

**THE COURT:**  Okay.  Well, you know, you certify you read the local rules when you do that.

**MR. WAWRZYN:**  Yes.

**THE COURT:**  We do that to avoid things like this.

**MR. WAWRZYN:**  I know.  It's my fault, and I'm so sorry.

**THE COURT:**  I don't know who these other defense lawyers were, but when you come to a new court you've got to embrace those rules.  All right.

Defendants want to add anything?

**MR. VAKIL:**  No, Your Honor.

**MR. WOLF:**  Do we have a time frame for the amended complaint, just so we know roughly when it will be coming?

**THE COURT:**  You can talk to Judge Chen about that.

**MR. WOLF:**  Oh.

**THE COURT:**  We're going to put everything procedurally on ice, other than the notices of related case and the order I'm going to issue on the motion to dismiss.

Now, if Judge Chen -- because it's his ultimate decision as the first case holder -- for some reason decides that they're not related then we will have you back in in early September and we'll set dates.

MR. WOLF:  Understood, Your Honor.

THE COURT:  Okay.  And we will move briskly after that, if that turns out to be the case.  But I think the odds are fairly high that you will be passing to the 17th floor after tomorrow.

All right. Thank you.

(Counsel simultaneously thank the Court.)

(At 3:20 p.m. the proceedings were adjourned.)

- - - -

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE:   Thursday, August 14, 2014

_____

Katherine Powell Sullivan, CSR #5812, RMR, CRR
U.S. Court Reporter