**Pages 1 – 16**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE EDWARD M. CHEN

WILLIAM GRECIA,                          )
                                         )
              Plaintiff,                  )
                                         )
  VS.                                    ) NO. C 14-1220 EMC
                                         )
VUDU, INC., et al.,                      )
                                         )  San Francisco, California
              Defendants.                )  Tuesday
                                         )  October 21, 2014
_____)  2:29 p.m.

TRANSCRIPT OF PROCEEDINGS

APPEARANCES:

For Plaintiff:           WAWRZYN LLC
                         233 South Wacker Drive
                         84th Floor
                         Chicago, Illinois  60606
                    BY:  STEPHEN CHARLES JARVIS, ESQ.


For Defendant Digital Entertainment Content Ecosystem, LLC:
                         ARNOLD & PORTER, LLP
                         555 Twelfth Street
                         Washington, D.C.  20004
                    BY:  MAULIK GIRISH SHAH, ESQ.


Reported by:             BELLE BALL, CSR #8785, RDR, CRR
                         Official Reporter, U.S. District Court


(Appearances continued, next page)

APPEARANCES, CONTINUED:

For Defendant VUDU, Inc:
                        WHITE AND CASE, LLP
                        3000 El Camino Real
                        5 Palo Alto Square
                        Ninth Floor
                        Palo Alto, California  94306
                   BY:  ALLEN W. WANG, ESQ.
                        THOMAS CONOR FLYNN, ESQ.

**TUESDAY, OCTOBER 21, 2014**                                2:29 P.M.

**P R O C E E D I N G S**

**THE CLERK:**  Calling Case C-14-1220, Grecia versus VUDU.

Please come the podium and state your name for the record, and also hand me a business card when you have a moment.

**MR. JARVIS:**  Good afternoon, Your Honor.  Stephen Jarvis for Plaintiff.

**THE COURT:**  Thank you, Mr. Jarvis.

**MR. SHAH:**  Good afternoon, Your Honor.  Maulik Shah from Arnold & Porter, for Defendant Digital Entertainment Content Ecosystem, DECE.

**THE COURT:**  All right.  Thank you, Mr. Shah.

**MR. WANG:**  Good afternoon, Your Honor.  Allen Wang, White and Case, for Defendant VUDU, Inc.  With me is my colleague, Thomas Flynn.

**THE COURT:**  Thank you, Mr. Wang.

We've got a juggling act here.  On the one hand it makes sense to consolidate, if we can.  That would be ideal.  And, to coordinate matters such as claim construction.

On the other hand, we have got some disparity in terms of progress, and how far each case is along.  And we don't know exactly how long the VUDU and DECE case is going to take because we've got an impending motion.  And depending on whether that motion is -- motion to dismiss is granted or not,

that may add some to the lag time.  And that may or may not make it difficult.

So the bottom line with respect to consolidation is that -- I think the thing to do at this point is to hear the motion to dismiss, which is scheduled -- is that scheduled for late November?  When is that?

**MR. SHAH:**  December 11.

**MR. WANG:**  December 11.

**THE COURT:**  December 7?

**MR. JARVIS:**  11th, Your Honor.

**THE COURT:**  11th?  And at that time hold a further settlement -- a further CMC, a consolidated CMC where I can also hear from the other Defendants in the other cases to get their views, because I'll have a pretty good sense as to whether or not we are going to grant or deny that motion, and if so, what the timeline is, et cetera, et cetera.  Because, you know, there are multiple interests at stake and I don't want to -- I want to make sure I'm not prejudicing one group for the benefit of another.

But ideally, we should consolidate this.  It's just that if it gets too far apart, that may create some problems.

So what I'm going to do is defer the ruling on the motion to consolidate until the hearing on the motion to dismiss on December 11th.

I think we will get a notice out to the other cases to

invite the parties here, so we can have a status conference at that date, at the same time.

MR. SHAH:  Your Honor, we're already scheduled for a status conference that same day.

THE COURT:  Okay.

MR. SHAH:  For both cases.

THE COURT:  Good.  Good planning.

That leaves the question about the resistance to filing invalidity contentions.  And my view is that under our rules, invalidity contentions are not normally contingent on clearing up the pleadings, necessarily.  I mean, it can be, discretionarily, but that's not -- they're not tied.  They're tied to the provision of the infringement contentions.

And in this case, given the length of time this case has been pending, given the fact that the parallel cases have gone along so it's not a huge secret of what some of the issues may be on validity, that I want to move this forward, and I don't see a reason to stay the invalidity-contention process.

So, I think those should be filed within a reasonable amount of time.

MR. SHAH:  Could we be heard briefly on that, Your Honor?

THE COURT:  Yeah.

MR. SHAH:  So, we don't -- at this point we're on our third complaint.  We have one set of infringement contentions

that are -- it's sparse, to say the least.

And our view is that as small companies, it doesn't make a lot of sense to require us before having a CMC, which is what would trigger the -- the patent local rules for when things have to be done, to expend the tremendous amount of resources putting together invalidity contentions in short order, when there is a serious question of whether or not this second amended complaint would even be valid.  I think we would be in a different posture if it was simply a complaint and a motion to dismiss.

We've already prevailed on our first motion to dismiss. The papers for their second -- they've since then filed two complaints since their first one was dismissed.  And we now have a motion to dismiss that one as well, because it doesn't resolve any of the issues that Judge Donato raised during the hearing on that motion.

So I think what we would request is, in terms of a reasonable time -- and we fully agree that if this case does move forward it should be on a coordinated schedule -- that we be granted a sufficient amount of time after the December 11th hearing to proceed with our invalidity contentions.

**THE COURT:**  Well, the problem is that creates the risk of an even greater delay, that then impacts -- if we have to wait, for instance, the process in the other cases until the invalidity contentions are served, and then off that we

start scheduling the claim-construction process, that means we've deferred everything by another couple of months.

And I'm concerned about that, because the other cases have been waiting for some time.

And, I take it -- you know, the invalidity contentions have been filed in the other matters.  Right?

**MR. JARVIS:**  (Nods head)

**THE COURT:**  I mean, it's not like you're starting from scratch.  I'm not convinced that -- I'm sympathetic to the idea that, well, this may all be for naught, it may be moot if this case is completely dismissed or resolved without leave to amend, et cetera, et cetera.

But on the other hand, unless you can demonstrate to me some gargantuan task that's unique to this case in doing invalidity contentions, it's not worth the wait.

**MR. SHAH:**  Well, perhaps --

**MR. WANG:**  May I speak for VUDU, Your Honor?

**THE COURT:**  Yeah.

**MR. WANG:**  One other point is that the infringement contentions we have been provided by Grecia were provided to us after the first amended complaint, but before the filing of the second amended complaint.

And, it's unclear whether or not the subset of claims in there, for example, will remain the same if the motions to dismiss are heard in a certain way.

**THE COURT:**  Say that again?

**MR. WANG:**  Based on the motions to dismiss, --

**THE COURT:**  Yeah.

**MR. WANG:**  -- this Court may elect to require certain claims to be dropped or certain counts to be amended.

And so, the infringement contentions that we received -- which we received before the second amended complaint and may not be final for, at least, that reason -- also have the risk of needing to be changed after the motion practice on the motion to dismiss.

**THE COURT:**  You're saying infringement contentions may be amended.

**MR. WANG:**  Yes.

**THE COURT:**  Which would affect the invalidity contentions?

**MR. WANG:**  Yes.

**THE COURT:**  What's your response to that?

**MR. JARVIS:**  I guess I would ask Counsel exactly how that would affect.  I mean, how amending the infringement contentions would affect the invalidity contentions.

I guess I fail to see the connection, except for the fact that our infringement contentions do lay out which specific claims we are asserting, so maybe that's what Counsel means, that -- that perhaps Plaintiff would be forced to drop certain patent claims.

But other than that, I don't really see how amending the infringement contentions would have any direct bearing on invalidity contentions.

THE COURT:  We're talking about one patent.

MR. JARVIS:  Uh-huh.

THE COURT:  And what's been asserted in the second amended complaint against VUDU is Claims 1, 2, 3, 4, 5, 9 and 10.  Correct?

MR. JARVIS:  Correct.

MR. WANG:  That's correct.

THE COURT:  And as against DC --

MR. SHAH:  It's only indirect infringement.

THE COURT:  Indirect.  So, I guess I'm not sure I understand how your potential attack on the validity of the '860 patent is going to be materially altered in a way that would change your invalidity contentions.

MR. WANG:  Well, one concern we have, Your Honor, is that there are 30 claims and there are four different independent claim sets.  And, the claims that are currently asserted against us cover two of those claim sets.

But, Plaintiff may choose to drop some, add some.  That would affect how we proceed on our invalidity contentions.

THE COURT:  You mean if in a third amended complaint, they come back and add more, or something?  Is that --

MR. WANG:  If that's the case, Your Honor.  We

certainly hope there will be no third amended complaint.

**THE COURT:** But, I mean, as it is, I mean, that suggests any time there's a possibility of amendment, you don't file invalidity contentions? Or serve invalidity contentions? I don't --

**MR. WANG:** We think the situation here, Your Honor, is a special case because of the motion to dismiss that, on which we already succeeded. And the similarities and the insufficiencies in the present amended complaint.

**MR. JARVIS:** Your Honor, if I may?

**THE COURT:** Yeah.

**MR. JARVIS:** So, I mean, Defendants have had the complaint for, I think, a little over seven months now. And so, I just -- I fail to see how they would really be truly prejudiced at all, except for the fact that they don't want to spend the money on doing invalidity contentions. Which is understandable, but it's not a reason to change the local patent rules.

Additionally, we had suggested -- I believe it's Exhibit 1 -- I'm sorry, Your Honor, I don't remember if it was our reply -- had offered to try to do an expedited briefing schedule on their Rule 12 motion.

And in fact, Defendants could have teed up that motion to be heard right here today. And then, whether or not they would have had to go through invalidity contentions, that

wouldn't even be an issue because we would be hearing it today.

And so, Defendants seem to be -- they want to have their cake, and eat it, too.  They say they don't want to do their invalidity contentions because they might get out of it on Rule 12, and so we need to wait until we do Rule 12, and yet it seems like they're dragging their feet on the Rule 12 issue.

**MR. SHAH:**  Your Honor, if I could just briefly respond to that.

We are in this position because of the decisions that Plaintiff made on how to pursue this Court -- these cases.  Plaintiff sued Apple, Sony and Google in December of last year, in Northern District of Illinois.  They then had -- those cases were transferred here in March of this year.

Two days later, they sued VUDU and DECE, without filing a notice of related case so that we would be in front of the same judge on the same platform.  They didn't actually complete service of those complaints until July of this year.

And the very first thing that we did when we had an opportunity and an obligation to respond in court is file a motion to dismiss, which was successful.  So the complaint that we presumably had seven months ago was defective.  And the Court's already decided that.

We now have a third amended complaint that's been filed

about a month ago.  And we've replied in the way that we think is appropriate, which is another motion to dismiss.

So, the notion that we should now be required to catch up to the other cases based on the strategic decisions that Plaintiff made on how to litigate its case is just fundamentally unfair.

THE COURT:  Well, what's not fundamentally unfair, frankly, is to serve invalidity contentions, as we normally have.  Yeah, maybe there wasn't a formal CMC in this case, but for all intents and purposes, I don't see how that -- given the history of this case and given the sequence of things, this is not a case where it's just like completely out of the box.

This case has been pending.  You have the complaint.  You have the patent.  You now have -- you've seen other invalidity contentions of other parallel Defendants.  So, you know, it's not -- it's not an unreasonable task to ask you to serve invalidity contentions.

And I'm inclined to say you have received infringement contentions, what, about a month, a little less than a month ago?

MR. SHAH:  I don't have the exact date; yes.

THE COURT:  Late September?

MR. JARVIS:  Yes, Your Honor.

THE COURT:  And if you -- you were given, let's say,

60 days from that date, so if you file on November 24th, as Grecia has proposed, seems to me that's a fair amount of time.

If you want another week or two beyond that, I can -- you know, we can do that, without changing things materially. But, I'm not going to just -- essentially, you have to, otherwise, stay the case, I'm not willing to stay the case.

**MR. SHAH:**  So if I could clarify one thing, and then respond.

I don't believe we actually have invalidity contentions from the Apple case.  If -- if Plaintiff is willing to share that with us, that might be a way forward.

**THE COURT:**  Oh.

**MR. SHAH:**  And if we could have a couple of extra weeks, so perhaps mid-December for invalidity contentions, we would appreciate that.

**THE COURT:**  I'll give you until December 8th to file invalidity contentions.

What about the -- what's the status of the invalidity contentions in the other cases?

**MR. JARVIS:**  We had a meet-and-confer with Sony yesterday, per Your Honor's order.  Had a mediation this morning with Sony.  We seem to be pretty much on the same page with Sony.

And per your order, we're filing the amended infringement contentions November -- I'm sorry, Your Honor -- early

November.

Apple, they have been exchanged.  We have exchanged claim terms with both Apple and Sony.

THE COURT:  And Apple has filed invalidity contentions?

MR. JARVIS:  Yes, Your Honor.

THE COURT:  I think that's what you're referring to.  You have not seen that?

MR. SHAH:  We have not seen invalidity contentions from anybody.

THE COURT:  Is there any problem with providing --

MR. JARVIS:  I have no problem with that.  If --

THE COURT:  All right.

MR. SHAH:  And I guess the question is:  When are Sony's invalidity contentions going to be due, given the status of the --

MR. JARVIS:  Sony has served their invalidity contentions.

MR. SHAH:  Okay.

MR. JARVIS:  So, Apple and Sony, we've gone through exchange of contentions on each side, and exchange of claim terms.

Which actually leads me to, Your Honor, I think also in our motion we request setting a date for VUDU and DECE and Mr. Grecia to exchange proposed claim terms, perhaps before

the December 11th hearing.

**THE COURT:**  Well, they have until December 8th to file invalidity contentions.  And I'm going to order that you share the Sony and Apple invalidity contentions to speed this process along.

**MR. JARVIS:**  Okay.

**THE COURT:**  In terms of setting, you have a proposal for starting the process of claim construction?

**MR. JARVIS:**  Yes, Your Honor.  If -- well, the CMC in the Apple consolidated case sets the schedule for everything up until -- you know, through exchange of claim terms.

So our proposal is that in this case, the parties exchange their proposed claim terms so that when we're all in front of Your Honor, all the parties on December 11th, we're all on the same page and ready to move forward together.

**THE COURT:**  Well, that one, I think I want to see what happens on this motion to dismiss because it's not -- that might have some impact on exchange of terms.

So, I -- I think what I would like to do is on the -- at the status conference on December 11th, is to set a date for exchange of claim terms, forewarn the Defendants that that may be an expedited process.

My goal, unless for some reason, you know, through the pleading process, we take substantially longer than I would anticipate, you know, the next step will be to exchange claim

terms.  And that can happen fairly quickly once we settle the pleadings.  So, I'm going to set that at that time.

All right?

**MR. JARVIS:**  Okay.

**THE COURT:**  All right.  So, we've got our dates. December 8th, service of the invalidity contentions.  Hearing on December 12th -- I'm sorry, December 11th, along with status conference, at which point I intend to set a date for exchange of claim terms, and perhaps rule on the motion to consolidate.

**MR. JARVIS:**  Okay.

**MR. SHAH:**  Thank Your Honor.

**THE COURT:**  All right?  Thank you.

**MR. JARVIS:**  Thank you, Your Honor.

**MR. WANG:**  Thank you, Your Honor.

(Conclusion of Proceedings)

**CERTIFICATE OF REPORTER**

I, BELLE BALL, Official Reporter for the United States Court, Northern District of California, hereby certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

*/s/   Belle Ball*_____

Friday, October 31, 2014

Belle Ball, CSR 8785, CRR, RDR