BIJAL V. VAKIL (Cal. Bar No. 192878)
bvakil@whitecase.com
SHAMITA D. ETIENNE-CUMMINGS (Cal. Bar No. 202090)
setienne@whitecase.com
THOMAS C. FLYNN (Cal. Bar No. 257945)
tflynn@whitecase.com
ALLEN WANG (Cal. Bar No. 278953)
awang@whitecase.com
**WHITE & CASE LLP**
3000 El Camino Real
Five Palo Alto Square, 9th Floor
Palo Alto, CA 94306-2109
Telephone: (650) 213-0300
Facsimile: (650) 213-8158

*Attorneys for Defendant*
VUDU, Inc.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| WILLIAM GRECIA,<br><br>Plaintiff,<br><br>v.<br><br>VUDU, INC. and DIGITAL ENTERTAINMENT CONTENT ECOSYSTEM (DECE) LLC,<br><br>Defendants. | Case No. 3:14-cv-01220-EMC<br><br>Consolidated with Case No. 3:14-cv-0775-EMC<br><br>**VUDU, INC.'S ANSWER TO SECOND AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** |

VUDU, Inc. ("VUDU") responds to the Second Amended Complaint filed by William Grecia ("Grecia") as follows:

**PARTIES**

1. VUDU lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Second Amended Complaint and therefore denies them.

2. VUDU admits it is a Delaware corporation. VUDU denies its principal place of business is located in Santa Clara, California.

3. VUDU lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Second Amended Complaint and therefore denies them.

**JURISDICTION AND VENUE**

4. Defendant admits that the Second Amended Complaint purports to allege an action under the patent laws of the United States, 35 U.S.C. § 101 *et seq.*

5. Defendant admits that this Court has subject matter jurisdiction over actions arising under the patent laws of the United States. VUDU denies that any grounds exist for Grecia's patent infringement claims under such laws.

6. For purposes of this action, VUDU does not challenge that personal jurisdiction exists in this district. VUDU lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 of the Second Amended Complaint and therefore denies them.

7. VUDU admits that venue is proper in this district.

**BACKGROUND**

8. VUDU lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Second Amended Complaint and therefore denies them.

9. VUDU lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Second Amended Complaint and therefore denies them.

10. VUDU lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Second Amended Complaint and therefore denies them.

11. VUDU lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 11 of the Second Amended Complaint and therefore denies them.

**COUNT 1: DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,533,860**

12. VUDU admits that U.S. Patent No. 8,533,860 (the "'860 patent") is attached as Exhibit 1 to the Second Amended Complaint. VUDU lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 of the Second Amended Complaint and therefore denies them.

13. VUDU denies the allegations in paragraph 13 of the Second Amended Complaint.

14. VUDU denies the allegations in paragraph 14 of the Second Amended Complaint.

15. VUDU denies the allegations in paragraph 15 of the Second Amended Complaint.

16. VUDU denies the allegations in paragraph 16 of the Second Amended Complaint.

17. VUDU admits that, on its face, claim 1 of the '860 patent attached as Exhibit 1 recites "[a] method for authorizing access to digital content using a cloud system." VUDU denies the remaining allegations in paragraph 17 of the Second Amended Complaint.

18. VUDU denies that claim 1 of the '860 patent attached as Exhibit 1 recites "facilitating access rights between a plurality of devices." On its face, claim 1 of the '860 patent attached as Exhibit 1 recites "facilitating access rights between a plurality of data processing devices." VUDU denies the allegations in paragraph 18 of the Second Amended Complaint.

19. VUDU denies the allegations in paragraph 19 of the Second Amended Complaint.

20. VUDU admits that it is party to a contract with DECE. VUDU lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 of the Second Amended Complaint and therefore denies them.

21. VUDU denies the allegations in paragraph 21 of the Second Amended Complaint.

22. VUDU denies the allegations in paragraph 22 of the Second Amended Complaint.

23. VUDU denies the allegations in paragraph 23 of the Second Amended Complaint.

**COUNT 2: INDIRECT INFRINGEMENT AGAINST DECE**

24. VUDU lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Second Amended Complaint and therefore denies them.

25. VUDU lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 25 of the Second Amended Complaint and therefore denies them.

26. VUDU lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Second Amended Complaint and therefore denies them.

27. VUDU admits that it is party to a contract with DECE, and that the contract provides "Ecosystem Specifications." VUDU lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 of the Second Amended Complaint and therefore denies them.

28. VUDU admits that it is party to a contract with DECE, and that the contract provides "Ecosystem Specifications." VUDU lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 of the Second Amended Complaint and therefore denies them.

29. VUDU admits that it is party to a contract with DECE. VUDU lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Second Amended Complaint and therefore denies them.

## RESPONSE TO PRAYER FOR RELIEF

VUDU denies that it has infringed any claims of the '860 patent and denies that Grecia is entitled to any of the relief requested in the Second Amended Complaint, or to any relief whatsoever. Grecia is not entitled to damages, injunctive relief, attorney fees, costs, interest, or any other type of recovery from VUDU. Grecia's relief requested should, therefore, be denied in its entirety and with prejudice, and Grecia should take nothing.

## JURY DEMAND

Grecia's demand for a jury trial does not state any allegation and therefore VUDU is not required to respond.

## FIRST AFFIRMATIVE DEFENSE

### (NON-INFRINGEMENT)

VUDU has not infringed and is not infringing, has not induced and is not inducing others to infringe, has not contributed to and is not contributing to the infringement of any valid and enforceable claim of the '860 patent, either literally or under the doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE

**(INVALIDITY)**

The claims of the ’860 patent are invalid and/or unpatentable because they do not comply with one or more of the requirements of Sections 101, 102, 103, 112, 132, or 251 of Title 35 of the United States Code.

## THIRD AFFIRMATIVE DEFENSE

**(ESTOPPEL, WAIVER, ACQUIESCENCE, UNCLEAN HANDS, AND/OR LACHES)**

Grecia’s claims are barred, in whole or in part, by the doctrine of estoppel, waiver, acquiescence, unclean hands, and/or laches.

## FOURTH AFFIRMATIVE DEFENSE

**(LIMITATION OF DAMAGES UNDER 35 U.S.C. § 286)**

Grecia’s right to seek damages and costs is limited by statute, including without limitation, by 35 U.S.C. § 286.

## FIFTH AFFIRMATIVE DEFENSE

**(LIMITATION OF DAMAGES UNDER 28 U.S.C. § 1498)**

If Grecia is entitled to any relief for alleged infringement of the patents in suit, some or all of that relief is limited under 28 U.S.C. § 1498.

## SIXTH AFFIRMATIVE DEFENSE

**(PROSECUTION HISTORY ESTOPPEL)**

Based on proceedings before the United States Patent and Trademark Office (“PTO”) during the prosecution of the application that ultimately issued as the ’860 patent and/or the application(s) to which the ’860 patent claims priority, Grecia is precluded or otherwise estopped from asserting any construction of the claims of the ’860 patent to cover any VUDU product, system, or process, either literally or under the doctrine of equivalents.

## SEVENTH AFFIRMATIVE DEFENSE

**(EXHAUSTION, IMPLIED LICENSE, AND/OR RESTRICTIONS ON DOUBLE RECOVERY)**

Grecia’s claims are barred, in whole or in part, by exhaustion, implied license, and/or restrictions on double recovery.

**EIGHTH AFFIRMATIVE DEFENSE**

**(LACK OF WILLFULNESS)**

VUDU has not infringed and does not infringe, willfully or otherwise, any asserted claims of any of the patents-in-suit, including the ’860 patent. Grecia is not entitled to increased damages under 35 U.S.C. § 284.

**NINTH AFFIRMATIVE DEFENSE**

**(INJUNCTIVE RELIEF NOT WARRANTED)**

Grecia is not entitled to preliminary or permanent injunctive relief because (1) Grecia is not likely to prevail on the merits; (2) Grecia has not suffered nor will they suffer irreparable harm because of VUDU’s conduct; (3) any harm to Grecia would be outweighed by the harm to VUDU if any injunction were entered; (4) Grecia has an adequate remedy at law even if they were to prevail in this action; and (5) public interest would not be served by an injunction.

**TENTH AFFIRMATIVE DEFENSE**

**(FAILURE TO MARK)**

On information and belief, Grecia’s claims for damages are limited and/or barred, in part or in whole, by the failure to mark, by itself or by one or more parties licensed to practice the ’860 patent, as required by 35 U.S.C. § 287.

**RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES**

VUDU presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional affirmative defenses. VUDU reserves the right to assert additional affirmative defenses in the event discovery reveals that additional affirmative defenses are available, including, but not limited to, inequitable conduct, patent misuse, and unclean hands.

## COUNTERCLAIMS

Without waiver of any of its rights, VUDU, by and through its undersigned counsel, and by way of counterclaims against Grecia, alleges:

## PARTIES

1. VUDU Inc. is a Delaware corporation with its principal place of business in Sunnyvale, California.

2. William Grecia purports to live in Downingtown, Pennsylvania.

## JURISDICTION AND VENUE

3. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202.

4. Venue is proper under 28 U.S.C. § 1391, by virtue of Grecia asserting, pursuant to 28 U.S.C. § 1400, a claim for patent infringement in this District in response to which VUDU asserts these Counterclaims.

5. This Court has general and specific personal jurisdiction over Grecia because, among other reasons, Grecia filed its Complaint in this District, submitting to the jurisdiction of this Court.

## FIRST COUNTERCLAIM FOR RELIEF

### (NON-INFRINGEMENT OF THE ’860 PATENT)

6. VUDU realleges and incorporates by reference the allegations of paragraphs 1-5 of its Counterclaims and all of its Defenses above as though fully set forth herein.

7. VUDU has not directly infringed any valid claim of the ’860 patent in any manner.

8. An actual and justiciable controversy has arisen between Grecia and VUDU with respect to the ’860 patent. VUDU, therefore, seeks a judicial determination and a declaration of the respective rights of VUDU and Grecia regarding the ’860 patent. A judicial declaration concerning these matters is necessary and appropriate at this time.

9. Absent a declaration and order sought by VUDU, Grecia will continue to wrongfully assert the ’860 patent against VUDU, thereby causing VUDU injury and damage. This is an exceptional case entitling VUDU to an award of its attorneys’ fees incurred in

connection with this action under 35 U.S.C. § 285.

**SECOND COUNTERCLAIM FOR RELIEF**

**(INVALIDITY OF THE '860 PATENT)**

10. VUDU realleges and incorporates by reference the allegations of paragraphs 1-9 of its Counterclaims and all of its Defenses above as though fully set forth herein.

11. Any claim of the '860 patent asserted against VUDU is invalid.

12. An actual and justiciable controversy has arisen between Grecia and VUDU with respect to the '860 patent. VUDU therefore seeks a judicial determination and a declaration of the respective rights of VUDU and Grecia regarding the '860 patent. A judicial declaration concerning these matters is necessary and appropriate at this time.

13. Absent a declaration and order sought by VUDU, Grecia will continue to wrongfully assert the '860 patent against VUDU, thereby causing VUDU injury and damage. This is an exceptional case entitling VUDU to an award of its attorneys' fees incurred in connection with this action under 35 U.S.C. § 285.

**REQUEST FOR RELIEF**

WHEREFORE, VUDU respectfully requests that this Court grant the following relief:

a. A dismissal with prejudice of the Second Amended Complaint against VUDU;

b. A denial of any and all relief sought by Grecia;

c. A declaration that VUDU has not infringed and is not infringing any of the claims of the '860 patent;

d. A declaration that the '860 patent is invalid and/or unenforceable;

e. A declaration that this case is exceptional under 35 U.S.C. § 285 and awarding VUDU its attorneys' fees, costs, and expenses incurred in connection with this action; and

f. Such other and further relief as this Court deems just and proper.

**REQUEST FOR JURY TRIAL**

In accordance with Rule 38 of the Federal Rules of Civil Procedure, VUDU, Inc. respectfully demands a jury trial of all issues triable to a jury in this action.

Dated: February 23, 2015

Respectfully submitted,

**WHITE & CASE LLP**

By: *<u>/s/ Bijal V. Vakil</u>*
Bijal V. Vakil

*Attorneys for Defendant*
VUDU, Inc.